UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>  vs.<br><br>DANNY FERGUSON,<br><br>                    Defendant. | CR. 15-50082-JLV<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

**INTRODUCTION**

On July 13, 2015, defendant Danny Ferguson filed a motion to suppress all statements and the results of a polygraph examination. (Docket 21). The suppression motion was referred to Magistrate Judge Daneta Wollmann for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order dated June 11, 2007. Magistrate Judge Wollmann held a suppression hearing on February 22, 2016. (Docket 38). Magistrate Judge Wollmann issued a report and recommendation. (Docket 44). Defendant filed timely objections to the report and recommendation. (Docket 46). The government filed a response to defendant's objections. (Docket 49).

The court finds the magistrate judge's report and recommendation is an appropriate application of the law to the facts presented by the parties at the suppression hearing. See United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001). For the reasons below, the court overrules defendant's objections and adopts the report and recommendation in its entirety.

**DISCUSSION**

**I.      Objections to the Magistrate Judge's Report and Recommendation**

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Neither party filed objections to the magistrate judge's findings of fact. (Dockets 46 & 49).  The court adopts the magistrate judge's findings of fact in accord with 28 U.S.C. § 636(b)(1)(C).

Only defendant filed objections to the magistrate judge's conclusions of law.  (Docket 46).  Defendant objects to the following legal conclusions:

1. Law enforcement did not violate his right to counsel;

2. Law enforcement honored his right to remain silent once he invoked it; and

3. His statements were voluntary.

Id. at pp. 5, 8, 9.  The court examines each objection in turn.

**1. Whether law enforcement violated defendant's right to counsel**

The magistrate judge determined defendant did not have a Fifth Amendment right to counsel because he was not in custody on the day of the

polygraph examination.[1]  (Docket 44 at p. 13).  Defendant argues law
enforcement violated his right to counsel and claims, "[i]t does not matter
whether or not defendant was in custody . . . ."  (Docket 46 at p. 5).  Defendant
argues his "expressed desire to have his attorney present" is sufficient alone to
implicate his right to counsel.  Id.

The Fifth Amendment right to the assistance of an attorney attaches only
in the context of custodial interrogation.  See Miranda v. Arizona, 384 U.S.
436, 444 (1966); United States v. Griffin, 922 F.2d 1343, 1347 (8th Cir. 1990).
If a court determines someone was not in custody during an interrogation,
none of Miranda's protections apply, including the Fifth Amendment right to
counsel.  See Griffin, 922 F.2d at 1347.  The United States Court of Appeals for
the Eighth Circuit affirmatively held the Fifth Amendment right to counsel is
not implicated when someone is not in custody.  United States v.
Muhlenbruch, 634 F.3d 987, 997 (8th Cir. 2011); United States v. Fitterer, 710
F.2d 1328, 1333 (8th Cir. 1983).

Whether defendant requested an attorney does not change the analysis
because he was not in custody.  See Muhlenbruch, 634 F.3d at 997 ("Given
that Muhlenbruch was not 'in custody' at the time of the interview, his right to
counsel under the Fifth Amendment is not implicated and we need not address

---

[1]Law enforcement interacting with defendant on this day included
Michelle Gruzs, a Special Agent with the Federal Bureau of Investigation, and
Jeff Goble, an Agent with the South Dakota Division of Criminal Investigation.
(Docket 44 at pp. 2, 4).  Agent Goble conducted the polygraph examination on
May 15, 2015.  Id. at pp. 4-6.

Muhlenbruch's additional argument that the officers denied his allegedly unambiguous request for counsel during the interview.").

Defendant appears to concede the issue of custody because he does not contest it in his objections to the report and recommendation.  (Docket 46). The court will review the magistrate judge's conclusion defendant was not in custody because it is antecedent to determining whether law enforcement violated defendant's right to counsel.

An individual is in custody if a reasonable person in the individual's position would understand he is in custody.  See Griffin, 922 F.2d at 1347 ("In determining whether a suspect is 'in custody' at a particular time we examine . . . whether a 'reasonable person in the suspect's position would have understood his situation' to be one of custody.") (quoting Berkemer v. McCarty, 468 U.S. 420, 442 (1984)).   In making this determination, the court examines the totality of the circumstances.  See id.  In Griffin, the Eighth Circuit details six factors which tend to either "mitigate or aggravate" whether a person is in custody:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

Id. at 1349.

4

"The most obvious and effective means of demonstrating that a suspect has not been taken into custody . . . is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will." Id.

Most of the facts indicate defendant was not in custody on the day of the polygraph examination. After Agent Gruzs contacted defendant to set up a polygraph examination at the Bureau of Indian Affairs ("BIA") offices, defendant chose on his own to do the examination. (Docket 44 at p. 12). Agent Goble informed defendant the examination was voluntary and he could terminate it at any point. Id. Defendant's freedom of movement was not restrained, and he showed an understanding of his rights by leaving the examination room three times. Id. at pp. 12-13. He left once to go to the parking lot where he was found speaking with his tribal advocate, a second time to use the restroom and a third time when he decided to terminate the post-polygraph interview. Id. at p. 12.

When Agent Gruzs discovered defendant in the parking lot and told him "taking the polygraph was the only way to show his innocence," she employed a deceptive stratagem. Id. Defendant chose to return to the examination room and complete the polygraph. Id. at pp. 6-7. Agent Goble did not use a deceptive stratagem when he informed defendant the polygraph results indicated deception on defendant's part. See Jenner v. Smith, 982 F.2d 329, 334 (8th Cir. 1993). The atmosphere was not police dominated because defendant was in the examination room with only one or two agents and the

5

events occurred in BIA offices, not a police station.  (Docket 44 at p. 13).
Defendant was not arrested on the day of the examination, and he chose to
terminate the post-polygraph interview at 1:30 p.m.  Id.

Considering the totality of the circumstances, defendant was not in
custody.  Because the court finds defendant was not in custody, he did not
have a Fifth Amendment right to counsel and law enforcement did not violate
that right.[2]  See Muhlenbruch, 634 F.3d at 997.  The court overrules
defendant's objection as to the magistrate judge's finding law enforcement did
not violate his right to counsel.

### 2. Whether law enforcement honored defendant's right to remain silent once he invoked the right

The magistrate judge concluded law enforcement sufficiently honored
defendant's invocation of his Fifth Amendment right to remain silent.  (Docket
44 at pp. 16-18).  Defendant objects, arguing law enforcement continued
questioning him after he invoked his right to remain silent.  (Docket 46 at p. 8).
In response to defendant's objection, the government contends law enforcement
honored defendant's right and defendant himself freely offered statements after
invoking his right.  (Docket 49 at pp. 7-9).

A person's Fifth Amendment right to remain silent applies only in the
context of custodial interrogation.  See Illinois v. Perkins, 496 U.S. 292, 296-97

---

[2]The magistrate judge's report and recommendation, defendant's
objections, and the government's response to defendant's objections all analyze
whether defendant's tribal advocate can be considered counsel for Fifth
Amendment purposes.  (Dockets 44 at pp. 14-16 & 46 at pp. 5-8 & 49 at pp. 6-
7).  If the facts were different and defendant was in custody, the court may
need to reach that issue.  But the court need not take it up because defendant
did not have a Fifth Amendment right to counsel while not in custody.

(1990); United States v. Murray, 696 F. Supp. 2d 1044, 1056 (D. Ariz. 2010).  If a person is not in custody, "then his attempts to invoke his right to remain silent and his Miranda right to counsel are ineffective."  Murray, 696 F. Supp. 2d at 1056 (citing United States v. Bautista, 145 F.3d 1140, 1149 (10th Cir. 1998); United States v. LaGrone, 43 F.3d 332, 338-39 (7th Cir. 1994) (holding custodial interrogation must be occurring for a person to invoke Miranda rights); United States v. Drake, 934 F. Supp. 953, 962 (N.D. Ill. 1996) ("[B]ecause [defendant] was not in custody during any of his encounters with the government agent, he was not entitled to the Fifth Amendment protections recognized in Miranda . . . .) (internal quotation marks omitted)).

Based on the court's determination defendant was not in custody, the court finds defendant did not have a Fifth Amendment right to remain silent and law enforcement did not violate that right.  See id.  The court overrules defendant's objection as to the magistrate judge's finding law enforcement did not violate his right to remain silent.

### 3.  Whether defendant's statements were voluntary

The magistrate judge found defendant's statements on the day of the polygraph examination were voluntary.  (Docket 44 at p. 20).  Defendant objects to this finding.  (Docket 46 at pp. 8-9).  Defendant argues his limited cognitive abilities and the agents' violations of his rights to counsel and to remain silent rendered his statements not voluntary.  Id.  The government asserts defendant does not have cognitive limitations and the agents did not use any coercive tactics on him.  (Docket 49 at pp. 9-10).

To comport with due process, confessions must be voluntary.  See United States v. Anaya, 715 F. Supp. 2d 916, 931 (D.S.D. 2010) (citing Brown v. Mississippi, 297 U.S. 278, 285-86 (1936)).  "In considering whether a confession was voluntary, the determinative question is whether the confession was extracted by threats, violence, or promises (express or implied), such that the defendant's will was overborne and his or her capacity for self-determination was critically impaired."  United States v. Pierce, 152 F.3d 808, 812 (8th Cir. 1998) (citing Sumpter v. Nix, 863 F.2d 563, 565 (8th Cir. 1988)).  "In making this determination, courts look at the totality of the circumstances, including the conduct of the law enforcement officials and the defendant's capacity to resist any pressure."  Id. (citing United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990)).

The court examines "the prolonged nature of the questioning[;] the defendant's subjective understanding of his Miranda rights[;] the age of the defendant, his lack of education, or his low intelligence[;] the defendant's prior contact with law enforcement[;] and the use of physical punishment such as deprivation of food or sleep . . . ."  United States v. Reynolds, 743 F. Supp. 2d 1087, 1091 (D.S.D. 2010) (citations omitted).  "A statement cannot be rendered involuntary by the incapacity of the defendant alone; there must be some coercive police activity."  Anaya, 715 F. Supp. 2d at 932 (citing Colorado v. Connelly, 479 U.S. 157, 164, 167 (1986)).

Almost all of the facts surrounding defendant's interactions with law enforcement on the day of the polygraph examination indicate his statements

8

were voluntary.  The questioning of defendant was not prolonged.  Defendant arrived at the BIA offices at 10:00 a.m., left at 1:30 p.m., and his interactions with law enforcement did not occupy that entire window of time.  (Docket 44 at pp. 3, 10).  Before the polygraph examination began, defendant received a form detailing his rights, including the right to remain silent and to counsel.  Id. at p. 5.  Defendant said he could not read well, so Agent Goble read the form to him.  Id.  Agent Goble told defendant to say if he did not understand the form.  Id.  Defendant said nothing and signed the form.  Id.  Defendant's self-initiated breaks when interacting with the agents and his eventual choice to terminate all questioning indicate he understood the rights in the form.  Id. at p. 20.

Just before the examination, Agent Goble asked defendant about his medical history and defendant said he fractured his skull when he was 25.  Id. at pp. 5, 20.  Defendant did not say whether that would affect his ability to speak with law enforcement, and no evidence suggests the agents exploited this fact.  Id. at p. 20.  Defendant is 39 and graduated from high school.  Id.  He had prior contact with law enforcement, but the extent of the contact is not clear beyond this case.  Id.  The agents did not coerce or punish defendant.  Id.

Considering the totality of the circumstances, the court finds defendant's statements were voluntary.  The court overrules defendant's objection to the magistrate judge's finding defendant's statements on the day of the polygraph examination were voluntary.

**ORDER**

Accordingly, it is

9

ORDERED that defendant's objections (Docket 46) to the magistrate judge's report and recommendation are overruled.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Docket 44) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket 21) is denied.

Dated January 9, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE